UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JASON LATTIMORE,
    Plaintiff,

    v.                                                        CIVIL ACTION NO.
                                                              14-13378-MBB

KENNETH TROTMAN,
RYAN DORGAN,
SHERIFF THOMPKINS AND
LT. BARROWS,
    Defendants.

**MEMORANDUM AND ORDER RE:
MOTION FOR APPOINTMENT OF COUNSEL (DOCKET ENTRY # 48);
EX PARTE MOTIONS FOR FUNDS TO HIRE INVESTIGATOR (DOCKET
ENTRY ## 30, 33, 38); EX PARTE MOTION FOR FUNDS TO
HIRE DATA RETRIEVAL TECHNICIAN
(DOCKET ENTRY # 39)**

**June 22, 2016**

**BOWLER, U.S.M.J.**

    Plaintiff Jason Lattimore ("plaintiff"), a former inmate at the Suffolk County House of Corrections ("SCHC"), filed this civil rights action seeking damages for violations of his constitutional rights under 42 U.S.C. § 1983 ("section 1983"), Massachusetts statutes and Massachusetts common law based on an incident that took place at SCHC in 2014.  In February 2015, this court allowed plaintiff's motion to proceed in forma pauperis under 28 U.S.C. § 1915.  (Docket Entry # 4).  Pending before this court are the above motions for appointment of counsel (Docket

Entry # 48) and for funds to hire an investigator (Docket Entry ## 30, 33, 38) and a data retrieval technician (Docket Entry # 39) filed by plaintiff. Although plaintiff filed the latter motions ex parte under 18 U.S.C. § 3006A, this is not a criminal prosecution and there is no need to file the motions ex parte.

## DISCUSSION

Turning to the request to appoint counsel, "Indigent civil litigants," such as plaintiff "possess neither a constitutional nor a statutory right to appointed counsel." Montgomery v. Pinchak, 294 F.3d 492, 498 (3rd Cir. 2002) (recognizing that 28 U.S.C. § 1915(e)(1) gives the court statutory authority to request appointed counsel); accord DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991) ("[t]here is no absolute constitutional right to a free lawyer in a civil case"). That said, 28 U.S.C. § 1915(e)(1) gives a court the discretion to request appointed counsel for "any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); see Weir v. Potter, 214 F.Supp.2d 53, 54 (D.Mass. 2002) (citing 28 U.S.C. § 1915(e)(1) and noting that appointment is discretionary).

In order to obtain appointed counsel, there must be a showing of both indigency and exceptional circumstances. DesRosiers v. Moran, 949 F.2d at 23; accord Cookish v. Cunningham, 787 F.2d 1, 2 (1st Cir. 1986) ("an indigent litigant must demonstrate exceptional circumstances in his or her case to

2

justify the appointment of counsel"); Weir v. Potter, 214 F.Supp.2d at 54.  To determine whether exceptional circumstances exist, a court "examine[s] the total situation, focusing, inter alia, on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself." DesRosiers v. Moran, 949 F.2d at 24; see Weir v. Potter, 214 F.Supp.2d at 54 (in assessing whether exceptional circumstances exist to warrant appointment, courts consider "merits of the case, the litigant's capability of conducting a factual inquiry, the complexity of the legal and factual issues, and the ability of the litigant to represent [him]self").

In the case at bar, the factual issues are not complex.  Rather, they involve an incident that took place on May 29, 2014 and thereafter led to confiscation and destruction of legal material in plaintiff's cell.  The amended complaint (Docket Entry # 37), with the addition of two defendants (Sheriff Thompkins and Lt. Barrows) in accordance with this court's June 13, 2016 Order, evidences that plaintiff is capable of representing himself.  Plaintiff may reapply for appointment in the event the case proceeds to a more complex stage involving nonfrivolous claims.  In light of the absence of exceptional circumstances, appointment of counsel is not warranted.

In addition to appointment of counsel, plaintiff seeks funds to hire an investigator and a data retrieval

technician pursuant to the Criminal Justice Act, ("CJA"), 18 U.S.C. § 3006A(e). The statute, however, applies to certain criminal defendants and petitioners "seeking relief under section[s] 2241, 2254, or 2255." 18 U.S.C. § 3006A(a); Gomez v. Myers, 627 F.Supp. 183, 186 (E.D.Tex. 1985) (denying funds because CJA "permits counsel for indigent defendants to request experts or other services necessary for an adequate defense, 18 U.S.C. § 3006A(e), but Gomez is not defending against a federal criminal charge"). Plaintiff is not seeking habeas relief or defending against a criminal prosecution. Although plaintiff is proceeding in forma pauperis under 28 U.S.C. § 1915, this statute "authorizes the court to direct payment only for the expenses of preparing a transcript, printing a record on appeal, or serving process." Id. (omitting citations). "[I]n forma pauperis Plaintiffs, including pro se inmates, are responsible for their litigation fees in civil actions." Collins v. Bledsoe, 2014 WL 6982938, at *3 (M.D.Pa. Dec. 9, 2014) (quoting Hodge v. U.S., 2009 WL 2843332, *4-5 (M.D.Pa. Aug. 31, 2009)); accord Woodward v. Mullah, 2010 WL 3023117, 4 (W.D.N.Y. July 29, 2010). "'There is no constitutional or statutory requirement that the government or Defendant pay for an indigent prisoner's discovery efforts.'" Brown v. Ross County, 2014 WL 4284874, at *2 (S.D.Ohio Aug. 28, 2014).

## CONCLUSION

In accordance with the foregoing discussion, the motion for

appointment of counsel (Docket Entry # 48) is **DENIED** without prejudice and the motions for funds to hire an investigator (Docket Entry ## 30, 33, 38) and a data retrieval technician (Docket Entry # 39) are **DENIED**.

                                  /s/ Marianne B. Bowler
                                **MARIANNE B. BOWLER**
                                United States Magistrate Judge