UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JASON LATIMORE,
    Plaintiff,

v.                          CIVIL ACTION NO.
                            14-13378-MBB

KENNETH TROTMAN, RYAN DORGAN,
ROSEANNE BARROWS, RICHARD LIBBY,
PAULA SULLIVAN, and DANIEL ALLEN,
    Defendants.

**MEMORANDUM AND ORDER RE:**
**MOTION FOR APPOINTMENT OF COUNSEL IN A CIVIL CASE**
**(DOCKET ENTRY # 277)**

**December 3, 2021**

**BOWLER, U.S.M.J.**

    Plaintiff Jason Latimore ("plaintiff"), an inmate at the Suffolk County House of Corrections ("SCHC"), seeks appointment of counsel and submits that exceptional circumstances exist which warrant the appointment. (Docket Entry # 277). At the outset of this case, this court allowed plaintiff to proceed in forma pauperis under 28 U.S.C. § 1915. (Docket Entry # 4).

DISCUSSION

    First, as acknowledged by plaintiff (Docket Entry # 277, p. 1) (Docket Entry # 286, p. 1), there is no constitutional right to appointment of counsel in a civil case. See Diaz v. Drew, Civil Action No. 16-11579-NMG, 2017 WL 2312823, at *2 (D. Mass. May 26, 2017); accord DesRosiers v. Moran, 949 F.2d 15, 23 (1st

Cir. 1991) ("[t]here is no absolute constitutional right to a free lawyer in a civil case"). Second, 28 U.S.C. § 1915(e)(1) ("section 1915(e)") provides that the court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). An appointment under section 1915(e) requires a showing of indigency and exceptional circumstances. Spiegel v. Commonwealth of Massachusetts, Civil Action No. 16-12654-PBS, 2017 WL 129995, at *5 (D. Mass. Jan. 11, 2017) (to qualify for appointment, "party must be indigent and exceptional circumstances must exist" such that" denying "counsel will result in fundamental unfairness impinging on the party's due process rights") (citing DesRosiers, 949 F.2d at 23). Plaintiff set out a showing of indigency in a declaration at the outset of this case (Docket Entry # 2), and there is no indication his financial circumstances have improved. Accordingly, this court turns to the existence of exceptional circumstances.

Plaintiff maintains his incarceration renders it difficult to prepare for trial and to access the entire case file, particularly documents stored at his family's residence. (Docket Entry # 277, pp. 3-6) (Docket Entry # 286). Because of his incarceration, he cannot edit six hours of video footage to deduce the material facts "for his pre-trial memoranda" and to "effectively present the jury with" the facts. (Docket Entry # 277, p. 3) (Docket Entry # 286, p. 2). "Only counsel with the

assistance of video editing software" can present the facts "with the fundamental fairness due process requires," according to plaintiff.  (Docket Entry # 277).  Plaintiff also contends he lacks the ability to simultaneously present video footage with relevant documents, such as disciplinary reports, grievances, and SCHC records, thereby causing prejudice.  (Docket Entry # 277, p. 4).

Exceptional circumstances focus on the merits, "the complexity of the legal issues, and the litigant's ability to represent himself."  Spiegel, 2017 WL 129995, at *5.  Plaintiff adequately presented his case to this court in opposing summary judgment.  The remaining substantive due process claim is not complex, and plaintiff has exhibited an ability to represent himself.  Exceptional circumstances are absent.

CONCLUSION

The motion for appointment of counsel (Docket Entry # 277) is **DENIED**.

    /s/ Marianne B. Bowler
**MARIANNE B. BOWLER**
United States Magistrate Judge