UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JASON LATIMORE,
    Plaintiff,

    v.

KENNETH TROTMAN, RYAN DORGAN,
ROSEANNE BARROWS, RICHARD LIBBY,
PAULA SULLIVAN, and DANIEL ALLEN,
    Defendants.

CIVIL ACTION NO.
14-13378-MBB

**MEMORANDUM AND ORDER RE:**
**DEFENDANTS KENNETH TROTMAN, RYAN DORGAN, ROSEANNE BARROWS,**
**RICHARD LIBBY, PAULA SULLIVAN, AND DANIEL ALLEN'S MOTION TO**
**STRIKE PLAINTIFF'S STATEMENT OF DISPUTED FACTS**
**(DOCKET ENTRY # 258)**

**December 3, 2021**

**BOWLER, U.S.M.J.**

Pending before this court is a summary judgment motion filed by defendants Kenneth Trotman ("Trotman"), Ryan Dorgan ("Dorgan"), Roseanne Barrows ("Barrows"), Paula Sullivan ("Sullivan"), Daniel Allen ("Allen"), and Richard Libby (collectively "defendants"). (Docket Entry # 242). Defendants move to strike certain material from being used in consideration of their motion for summary judgment. (Docket Entry # 258). Plaintiff Jason Latimore ("plaintiff") opposes the motion. (Docket Entry # 260).

BACKGROUND

On May 17, 2019, defendants filed a Local Rule 56.1 ("LR. 56.1") statement of material facts ("defendants' LR. 56.1

statement") in conjunction with their motion for summary judgment.  (Docket Entry ## 242, 244).  On July 22, 2019, plaintiff filed a LR. 56.1 statement of disputed facts in support of his opposition to the summary judgment motion ("plaintiff's LR. 56.1 statement").  (Docket Entry # 256).  Defendants seek to strike all paragraphs in plaintiff's LR. 56.1 statement because they: (1) are not supported by adequate citations to the summary judgment record and fail to controvert the facts in defendants' LR. 56.1 statement (Docket Entry # 259, pp. 2-4); and (2) rely on "inadmissible hearsay," speculation, legal argument, conclusory statements, and subjective beliefs (Docket Entry # 259, pp. 1-3, 5).  In addition to these arguments attacking all of the paragraphs, defendants argue that paragraphs 44 to 101 in plaintiff's LR. 56.1 (which describe contents of inaudible audiovisual recordings on May 29, 2014) are not authenticated and include plaintiff's interpretation of the inaudible audiovisual recordings.  (Docket Entry # 259, pp. 4-5).  Defendants also seek to strike exhibits A1 to A11 and B1 to B6 (which consist of plaintiff's handwritten transcript of audio video recordings), on the grounds they are not authenticated and constitute inadmissible evidence.  (Docket Entry ## 258, 259).  Defendants further move to strike the paragraphs that rely exclusively on exhibits A1 to A11 and B1 to

B6 (Docket Entry # 252-1, pp. 101-117).  (Docket Entry # 259, p. 8).

On December 23, 2019, approximately four and a half months after defendants filed the motion to strike, plaintiff filed an opposition to the motion.  (Docket Entry # 260).  The three-page opposition globally maintains that: (1) the evidence submitted in plaintiff's LR. 56.1 statement and the exhibits cited are admissible; and (2) defendants fail to establish that the motion to strike plaintiff's LR. 56.1 statement should be granted.[1] (Docket Entry # 260).  On January 7, 2020, defendants filed a reply to plaintiff's opposition on the basis it is untimely and fails to substantively oppose defendants' arguments to strike plaintiff's LR. 56.1 statement.  (Docket Entry ## 262, 263).

DISCUSSION

A.  Untimeliness of Plaintiff's Opposition

As noted, defendants seek to strike plaintiff's opposition as untimely.  (Docket Entry # 262, p. 1) (Docket Entry # 263, pp. 1-3)).  Local Rule 7.1(B)(2) requires a party to file an opposition within 14 days after service of the motion.  See LR. 7.1(B)(2).  When a party fails to file a timely opposition, a court may consider the motion unopposed or the opposition waived

---

[1]  Plaintiff's argument regarding exhibits A1 to A11 and B1 to B6 (Docket Entry # 260, p. 2) is summarized and addressed in part E.

and allow the motion.  NEPSK, Inc. v. Town of Houlton, 283 F.3d 1, 7-8 (1st Cir. 2002) (when party fails to file timely opposition, court may consider it unopposed); see also Cronin v. Commonwealth of Mass., Civil Action No. 03-11749-RGS, 2004 WL 224565, at *1 (D. Mass. Feb. 5, 2004) (granting motion to dismiss when no opposition filed or extension sought); Cook v. McLaughlin, 917 F. Supp. 79, 81 (D. Mass. 1996) (opposition untimely and stricken for not filing in 14 days) (citation omitted).

The decision of whether to allow an unopposed motion, however, is within a court's discretion.  Ramsdell v. Bowles, 64 F.3d 5, 7 (1st Cir. 1995) (acknowledging district court's "'great leeway in the application and enforcement of its local rules'") (citation omitted); United States v. Roberts, 978 F.2d 17, 20 (1st Cir. 1992) (district court has "great leeway in the application and enforcement of its local rules").  Exercising this court's discretion and in preference of a merits-based decision, allowing the motion to strike based on plaintiff's untimely opposition is not appropriate.

B.  Failure to Respond to Numbered Paragraphs and Waiver

Defendants submit that plaintiff's LR. 56.1 statement (Docket Entry # 256) does not respond to the numbered paragraphs in defendants' LR. 56.1 statement on a paragraph-by-paragraph basis.  (Docket Entry # 259, pp. 1, 3-4).  They seek to strike

plaintiff's entire LR. 56.1 statement and, "[w]ithout waiving their general motion to strike all relevant portions," move to strike certain paragraphs.  (Docket Entry # 259, pp. 1, 3-4).  In lieu of striking plaintiff's *entire* LR. 56.1 statement because it does not controvert defendants' 61-paragraph LR. 56.1 statement (Docket Entry # 244), this court, in its discretion, will examine the paragraphs based on the arguments defendants proffer.  See Swallow v. Fetzer Vineyards, 46 F. App'x 636, 638-39 (1st Cir. 2002) (affirming lower court's striking entire response but noting approach was not "useful for purposes of the complex factual analysis this case requires") (unpublished); Aulisio v. Baystate Health Sys., Inc., Civil Action No. 11-30027-KPN, 2012 WL 3957985, at *2 (D. Mass. Sept. 7, 2012) (rejecting defendant's argument to strike entirety of plaintiff's LR. 56.1 statement); see also Mackey v. Town of Tewksbury, Civil Action No. 15-12173-MBB, 2020 WL 68243, at *5 (D. Mass. Jan. 7, 2020) (examining specific paragraphs rather than striking entire LR. 56.1 statement).

Defendants additionally argue in the reply brief that plaintiff provides "no substantive opposition" to rebut their arguments to strike plaintiff's LR. 56.1 statement.  (Docket Entry # 263, p. 1).  Plaintiff's opposition to the motion to strike raises conclusory and general arguments that do not address defendants' specific arguments in their supporting

memorandum (Docket Entry # 259) except for the argument to strike exhibits A1 to A11 and B1 to B6.  (Docket Entry # 260). Except for the argument regarding exhibits A1 to A11 and B1 to B6, plaintiff therefore waives any other objection to the motion to strike.  See Curet-Velázquez v. ACEMLA de Puerto Rico, Inc., 656 F.3d 47, 54 (1st Cir. 2011); Coons v. Industrial Knife Co., Inc., 620 F.3d 38, 44 (1st Cir. 2010).  This court does *not* intend to avoid this waiver (which this court *reserves* as a basis to strike the paragraphs in plaintiff's LR. 56.1 statement that are stricken on other grounds) and addresses the merits of defendants' other arguments as an alternative means to strike these paragraphs.  See Negron-Almeda v. Santiago, 528 F.3d 15, 26 (1st Cir. 2008) (stating "rule" that if party belatedly raises argument "in the district court but that court, *without reservation*, elects to decide it on the merits, the argument is deemed preserved for later appellate review") (emphasis added).

C.  LR. 56.1

    Under LR. 56.1, a nonmoving party admits any fact in the moving party's LR. 56.1 statement if the nonmoving party fails to controvert the fact in the nonmoving party's LR. 56.1 statement by citing to "affidavits, depositions and other documentation."  LR. 56.1.  Defendants therefore seek to establish that the paragraphs in plaintiff's LR. 56.1 statement fail to controvert the facts in defendants' corresponding LR.

56.1 statement and thereby admit the facts in defendants' LR. 56.1 statement.   (Docket Entry # 259).

As noted, district courts "'enjoy broad latitude'" in administering and enforcing local rules.   NEPSK, 283 F.3d at 6 (citation omitted).   As an anti-ferret rule, LR. 56.1 functions to focus a court's attention on the facts that are genuinely disputed.   See Cabán Hernández v. Philip Morris USA, Inc., 486 F.3d 1, 7 (1st Cir. 2007) (citation omitted); accord CMI Capital Mkt. Inv., LLC v. González-Toro, 520 F.3d 58, 62 (1st Cir. 2008) (purpose of "rule is to relieve the district court of any responsibility to ferret through the record to discern whether any material fact is genuinely in dispute"); Mariani-Colón v. Dep't of Homeland Sec. ex rel. Chertoff, 511 F.3d 216, 219 (1st Cir. 2007).   The rule is designed "to reduce the burden on trial courts and 'prevent parties from unfairly shifting the burdens of litigation to the court.'"   Advanced Flexible Cirs., Inc. v. GE Sensing & Inspection Techs. GmbH, 781 F.3d 510, 520-21 (1st Cir. 2015) (quoting Cabán Hernández, 486 F.3d. at 8).

In pertinent part, the rule requires the party opposing summary judgment to:

> include a concise statement of material facts of record as to which it is contended that there exists a genuine issue to be tried, *with page references to affidavits, depositions and other documentation* . . . Material facts of record set forth in the statement required to be served by the moving party *will be deemed* for purposes of the motion

to be *admitted by opposing parties unless controverted* by
the statement required to be served by opposing parties.

LR. 56.1 (emphasis added).  Relative to the present dispute, the
language requires the nonmoving party (plaintiff) to provide
citations to the record, i.e., "affidavits, depositions, or
other documentation," with page references.  LR. 56.1.
Moreover, the rule deems admitted the facts in defendants' LR.
56.1 statement that plaintiff's LR. 56.1 response does not
controvert.  See Cochran v. Quest Software, Inc., 328 F.3d 1, 12
(1st Cir. 2003); Stonkus v. City of Brockton Sch. Dep't, 322
F.3d 97, 102 (1st Cir. 2003) (citing LR. 56.1 and deeming
admitted undisputed material facts that plaintiff failed to
controvert).  Specific paragraphs are addressed below regarding
plaintiff's failure to controvert those paragraphs and the lack
of a supporting citation.

D.   Lack of Citations to Summary Judgment Record

Defendants seek to strike paragraphs two, three, five,
seven, ten to 14, 22, 23, 26, 31 to 33, 38, 42, 119, 122, 124 to
126, 130, 133, 135, 136, and 142 to 162 in plaintiff's LR. 56.1
statement from the summary judgment record because of the
absence of any citation to the summary judgment record.  (Docket
Entry # 259, pp. 3-4).  As explained in the previous section,
LR. 56.1 unambiguously states that the party opposing summary
judgment, i.e., plaintiff, "shall include a concise statement of

the material facts of record as to which it is contended that there exists a genuine issue to be tried, *with page references to affidavits, depositions and other documentation*."  LR. 56.1 (emphasis added).  Although it is not always apparent whether the nonmoving party complied with the rule with respect to a particular statement, a non-party's complete omission of citations to the record in a paragraph "leaves no doubt" about his violation of the rule.  Zimmerman v. Puccio, 613 F.3d 60, 63 (1st Cir. 2010) ("defendants' failure to provide any citations whatsoever in their opposition statement leaves no doubt as to their noncompliance"); Aulisio, 2012 WL 3957985, at *3 (stating LR. 56.1 requires party to support any fact with citation to record); see also Amoah v. McKinney, Civil Action No. 4:14-40181-TSH, 2016 WL 6134119, at *2-3 (D. Mass. Sept. 2, 2016).

Therefore, due to the absence of citations to the record, paragraphs two, three, five, seven, ten to 14, 22, 23, 26, 31 to 33,[2] 38, 42, 119, 122, 124 to 126, 130, 133, 135, 136, 142 to 152, 154 to 156, 159, and 161 to 162 are stricken from the summary judgment record.  See, e.g., Aulisio, 2012 WL 3957985, at *3 (striking paragraphs in opposing party's LR 56.1 statement

---

[2]   The second sentence of paragraph 32 does not cite a reference to the record, and the first sentence fails to include a page number when citing to the deposition.  See LR. 56.1 (party opposing summary judgment "shall include" statement of material facts "with page references to . . . depositions").

as lacking citations to record); see also Amoah, 2016 WL
6134119, at *2-3.  Paragraphs 153, 157, 158, and 160, however,
are not stricken for lacking a citation to the record because
these paragraphs sufficiently identify the intended citations,
which consist of state court dockets in three criminal
prosecutions involving plaintiff and the filings therein by
docket entry number.  (Docket Entry # 256, ¶ 153) (citing Docket
Entry ## 244-24, 244-25, and 244-26 in substance); (Docket Entry
# 256, ¶ 157) (citing Docket Entry # 244-24, p. 22, in
substance); (Docket Entry # 256, ¶ 158) (citing Docket Entry #
244-24, p. 22, in substance); (Docket Entry # 256, ¶ 160)
(citing Docket Entry # 244-24, pp. 22-23, in substance).

Defendants also seek "to strike all of the paragraphs in
[plaintiff's LR. 56.1 statement] that are unsupported by record
references."  (Docket Entry # 259, p. 4).  Having reviewed all
remaining paragraphs in plaintiff's LR. 56.1 statement, the
following are excluded as unsupported by the citation or as
lacking a citation: paragraph 21 (second and third sentences);
paragraph 25 (first and second sentences);[3] paragraph 36;
paragraph 41 (second sentence); paragraph 43 (second, third, and

---

[3]   Paragraph 25 cites the relevant grievance to support the
third sentence whereas the first two sentences respectively cite
"camera footage" and "video" without referring to the cited
camera footage and video in the record with the time stamps and
camera angle or location.

fourth sentences); and paragraph 131.  To elaborate, with
respect to paragraph 36, the paragraph states that "[o]n June
27th, 2014[,] Officer Misci delivered property to plaintiff from
a separate incident involving an altercation with another inmate
on June 26th, 2014" that "was the same property Sgt. Depina
delivered on June 3rd, 2014 distinct from the May 29th, 2014
missing property."  (Docket Entry # 256, p. 8, ¶ 36).  The
paragraph cites an unsworn grievance alleging that plaintiff
spoke with "Sgt. Williams" who "said my Brown Adress[sic] Book
and 2 books of stamps are missing" and a disciplinary report
regarding the June 26, 2014 altercation.  First, the unsworn
statement in the grievance (Docket Entry # 252-1, p. 29)
constitutes hearsay if used to support the first sentence
(Docket Entry # 256, p. 8, ¶ 36, sent. one).  See Bennett v.
Saint-Gobain Corp., 507 F.3d 23, 26, 28-29 (1st Cir. 2007)
(supervisor's statement "that he wanted to get rid of older"
workers in unsworn internal grievance considered hearsay); see
also Gómez-González v. Rural Opportunities, Inc., 626 F.3d at
666 (unsworn, unauthenticated email inadmissible on summary
judgment).  Second, neither the grievance nor the disciplinary
report fully supports what the first sentence states.  The
unsworn disciplinary report simply describes the altercation and
does not refer to Officer Misci's delivery of property on June
27, 2014.  (Docket Entry # 252-1, p. 28).

The second sentence in paragraph 36 is stricken not only because it is "unsupported by proper record references" under LR. 56.1, as argued by defendants, but because it constitutes argument as well as a conclusory statement, as also argued by defendants (Docket Entry # 259, pp. 1-3).  See Torrech-Hernández v. Gen. Elec. Co., 519 F.3d 41, 47 n.1 (1st Cir. 2008) (affirming district court's disregard of LR. 56.1 response as constituting beliefs "not factually based" and amounting to "conclusory, self-serving statements").  In addition, the second sentence lacks a citation to the record and, if plaintiff intended to cite the disciplinary report and grievance cited to support the first sentence, the second sentence is deficient for the same reasons.

As to paragraph 41, the cited and unsworn "To Whom It May Concern" letter dated July 17, 2014 (Docket Entry # 252-1, p. 30) used to support the first sentence (Docket Entry # 256, p. 9, ¶ 41) is not cited as support for the second sentence.  The second sentence lacks any citation to the record.  It also constitutes an argument that certain property remains missing after plaintiff's "legal property" was secured in the law library on July 22, 2014 (Docket Entry # 256, p. 9, ¶ 41).  Turning to paragraph 131, the grievance and disciplinary report plaintiff cites to support the first sentence to show that "Sgt. Depina" delivered property "on June 3, 2014 distinct from the

May 29th, 2014 missing property" (Docket Entry # 256, p. 23, ¶ 131) (Docket Entry # 252-1, pp. 28-29) do not support the stated assertion for which these exhibits are cited, and the paragraph itself also constitutes argument, as asserted by defendants. (Docket Entry # 259, pp. 1-3, 5).

E.  Authentication: Exhibits A1 to A11, B1 to B6, and Related Paragraphs

Defendants next seek to strike exhibits A1 to A11 and B1 to B6 and paragraphs 19, 102 to 113, 115 to 118, 123, 139, and 140 in plaintiff's LR. 56.1 statement because they rely on these exhibits.  (Docket Entry # 259, pp. 1-2, 8).  The exhibits consist of plaintiff's handwritten, transcribed interviews of Sullivan and Allen conducted as a part of a Suffolk County Sheriff's Investigative Division ("SID") investigation into the purported hostilities between plaintiff on the one hand and Sullivan and Allen on the other hand.  (Docket Entry # 252-1, pp. 101-117).  Defendants maintain that the "transcript" (Docket Entry # 252-1, pp. 101-117) is not properly authenticated and therefore constitutes "inadmissible evidence."  (Docket Entry # 259, pp. 1-2, 8).  In response, plaintiff argues that exhibits A1 to A11 and B1 to B6 (Docket Entry # 252-1, pp. 101-117) are "factual evidence," which can be verified by compact discs defendants provided plaintiff during discovery.  (Docket Entry # 260, p. 2).  Plaintiff filed five compact discs, one of which is

the audio compact disc of the SID interviews ("the fifth compact disc"), which this court accessed and reviewed.[4]  (Docket Entry # 260, p. 2).

To be admissible at *trial*, a document must be authenticated.  Fed. R. Evid. 901 ("Rule 901").  In general, authentication requires a showing "sufficient to support a finding that the" document or material "is what the proponent claims it is."  Fed. R. Evid. 901(a).  The authentication requirement is not demanding and may be satisfied with "competent testimony" indicating that the document is what it appears to be.  See Goguen ex rel. Est. of Goguen v. Textron, Inc., 234 F.R.D. 13, 16-17 (D. Mass. 2006) (stating authentication requirement is "rarely onerous").  Indeed, "'a document can be authenticated under Rule 901(b)(1) by a witness who wrote it, signed it, used it, or saw others do so.'"  Joseph v. Lincare, Inc., 989 F.3d 147, 156 (1st Cir. 2021) (citation and internal brackets omitted).  Certain categories of documents

---

[4]   In the motion to strike, defendants do not adequately develop an argument to strike the fifth compact disc labeled SID Interviews.  See Coons, 620 F.3d at 44.  This court successfully accessed and listened to the fifth compact disc of the SID interviews.  The fifth compact disc is therefore part of the summary judgment record.  Defendants do seek to strike plaintiff's related exhibits, which consist of plaintiff's handwritten transcript of the SID interviews (Docket Entry # 252-1, pp. 101-117).  Defendants also seek to strike the LR. 56.1 paragraphs which cite these exhibits.

or material are self-authenticating under Fed. R. Evid. 902 and require no extrinsic testimony.

Relative to the case at bar, transcripts of an audio or video recording are subject to the authentication requirement.[5] See United States v. Martínez-Lantigua, 857 F.3d 453, 457 (1st Cir 2017); see also O'Brien, 943 F.3d at 520 n.3, 531.  Whereas defendants likely produced the audio recording of the SID interviews, they did not produce the transcript, and they object to its authenticity.  Cf. Lincare, 989 F.3d at 157 (citing McQueeney v. Wilmington Tr. Co., 779 F.2d 916, 929-30 (3d Cir. 1985)).  When authentication is challenged on *summary judgment*, at a *minimum* plaintiff must sufficiently explain how the transcript is capable of authentication at trial.  See Fed. R. Civ. P. 56(c)(2) advisory committee's note to 2010 amendment; see also Lincare, 989 F.3d at 155 n.4.  A party offering a

---

[5]   A video or audio recording is also subject to authentication at trial and, when challenged, on summary judgment.  See O'Brien v. Town of Bellingham, 943 F.3d 514, 520 n.3, 531 (1st Cir. 2019).  Defendants adequately authenticated the unchallenged three compact discs of the May 29, 2014 inventory and transport of items with affidavits, including an affidavit by an individual familiar with the cameras, their locations, and the recording system used.  (Docket Entry ## 244-14, 244-18); see Christopher B. Mueller & Laird C. Kirkpatrick, 5 Federal Evidence, § 9:14 (4th ed. 2021) (discussing Rule 901(b)(1) and (b)(9) to authenticate recording).  The audio or video recording, as opposed to the transcript, constitutes the evidence at trial and controls if there is any difference between them.  See United States v. Carbone, 798 F.2d 21, 26 (1st Cir. 1986).  Plaintiff does not move to strike defendants' three compact discs based on lack of authentication.

transcript must show it is accurate, which can be shown by testimony of the transcriber that it was accurately prepared or by testimony of a person who was party to or heard the original conversation that the transcript is accurate.  See Christopher B. Mueller & Laird C. Kirkpatrick, 5 Federal Evidence, § 9:14 (4th ed. 2021) (authentication satisfied by testimony from scrivener or person who heard original conversation); see also United States v. West, 948 F.2d 1042, 1044 (6th Cir. 1991) (stating when parties dispute transcript's accuracy, transcriber should attest to accuracy); United States v. Rochan, 563 F.2d 1246, 1251 (5th Cir. 1977) (party who engaged in the conversation can testify that transcript faithfully reproduces conversation).  As explained by the First Circuit in Carbone, transcripts are "authenticated in the same manner as tape recordings that are offered in evidence, i.e., by testimony as to how they were prepared, the sources used, and the qualifications of the person who prepared them."  Carbone, 798 F.2d at 26.

Exhibits A1 to A11 and B1 to B6 consist of plaintiff's handwritten transcript of Sullivan's and Allen's interviews conducted as a part of the SID investigation.  (Docket Entry # 252-1, pp. 101-17).  Plaintiff was not present during the interviews and does not point to potential testimony by a person who participated in the SID interviews as authenticating

plaintiff's transcript of the interviews (Docket Entry # 252-1, pp. 101-117).  Plaintiff also fails to explain his qualifications to transcribe the interviews and the preparation of the transcript to ensure its accuracy.  Plaintiff's position that defendants provided the "SID interview CD[] . . . in discovery" (Docket Entry # 260, p. 2) is probative of the authenticity of the compact disc, see generally Lincare, 989 F.3d at 157 (addressing authentication of document, as opposed to transcript or a recording, and noting that party's production of document during discovery is probative of authentication), but not sufficient to authenticate a transcript of the compact disc authored by the non-producing, opposing party.  Although the authentication requirement is not demanding, see Goguen, 234 F.R.D. at 16-17, plaintiff fails to explain how the handwritten transcript is capable of authentication at trial.  See Fed. R. Civ. P. 56(c)(2) advisory committee's note to 2010 amendment; see also Martínez-Lantigua, 857 F.3d at 457 (transcript of audio that accompanied surveillance video properly authenticated by testimony of agent personally involved in recording).

In addition, the transcript is not the kind of material that qualifies as self-authenticating under the Federal Rules of Evidence.  See Fed. R. Evid. 902.  The transcript sets out purportedly verbatim recitations of the interviews, which are not lengthy or voluminous.  As such, the transcript does not

constitute a summary prepared to establish the contents of a voluminous recording. See Fed. R. Evid. 1006 (party "may use a summary, chart, or calculation to prove the content of voluminous . . . recordings . . . that cannot be conveniently examined in court"); see Colón-Fontanez v. Municipality of San Juan, 660 F.3d 17, 29-30 (1st Cir. 2011) (admitting chart encompassing summary of plaintiff's extensive work attendance); United States v. Milkiewicz, 470 F.3d 390, 398 (1st Cir. 2006) (most cases involving a summary include voluminous originals).

In sum, defendants' authentication challenge is well taken. Furthermore, because exhibits A1 to A11 and B1 to B6 (Docket Entry # 252-1, pp. 101-117) fail to satisfy the authentication requirement, they are stricken from the summary judgment record. In the event this court strikes an exhibit or document that is the only citation provided to support a paragraph in plaintiff's LR. 56.1 statement, the paragraph does not comply with LR 56.1 and, accordingly, is likewise stricken from the record. See LR. 56.1; Amoah, 2016 WL 6134119, at *2-3 (striking statement of facts in nonmoving party's opposition for failure to comply with LR. 56.1 as argumentative and lacking citation to evidence); Aulisio, 2012 WL 3957985, at *3 (striking paragraphs in opposing party's LR. 56.1 statement as not supported by citation to record). Here, paragraphs 19, 102 to 104, 105 (first sentence only), 106 to 108, 109 (second and third sentences only), 110

(first sentence and last clause of second sentence only), 111,
112, 113 (third and fourth sentences only), 115 (second sentence
only),[6] 116, 117, 118 (third sentence only), 123, 139, and 140 in
plaintiff's LR. 56.1 statement rely exclusively on various
portions of exhibits A1 to A11 and B1 to B6 for support.
(Docket Entry # 252-1, pp. 101-17).  These paragraphs or
portions thereof are therefore stricken from the record.

F.   Speculative, Argumentative, and Unsupported Paragraphs

Next, defendants seek to strike all paragraphs in
plaintiff's LR. 56.1 statement as legal argument, speculation,
conclusory statements, unsupported characterizations, and
subjective beliefs.  (Docket Entry # 259, pp. 1, 5-8).
Defendants specifically highlight and address paragraphs four,
six, eight, nine, 20, 24, 30, 35, 40, 132, and 134.

Speculative assertions and conclusory statements in a
nonmoving party's statement of material facts do not create a
genuine or a material fact sufficient to warrant proceeding to
trial.  See Chin v. Garda CL New England, Inc., Civil Action No.
15-13110-TSH, 2017 WL 3526253, at *2 (D. Mass. Aug. 16, 2017)
(declining to rely on conclusory facts in plaintiff's LR. 56.1
statement); O'Brien v. Town of Agawam, 440 F. Supp. 2d 3, 5 n.1
(D. Mass. 2006) (disregarding conclusory statements and

---

[6]  Exhibits A3 to A5 provide the primary support for the second
sentence.

substantive arguments in nonmoving party's LR. 56.1 statement).
A court need not "take at face value" statements in a nonmoving
party's LR 56.1 statement of the nonmoving party's "subjective
beliefs," even if offered in the form of deposition testimony,
when those subjective beliefs "are not factually based and
merely constitute conclusory, self-serving statements."
Torrech-Hernández, 519 F.3d at 47 n.1.

As previously noted, if statements in a nonmoving party's
LR. 56.1 statement are unsupported by their citation to the
summary judgment record, the statements may be stricken.  See
Amoah, 2016 WL 6134119, at *3 (striking statements in non-
movant's LR. 56.1 statement as "argumentative," "without any
citation to the evidence," and with inaccurate citations to
evidence); Aulisio, 2012 WL 3957985, at *2-3.  Statements
regarding the law or legal argument are also not properly a part
of a LR. 56.1 statement of facts.  See Dukanci v. Ann Inc.
Retail, 117 F. Supp. 3d 115, 117 n.2 (D. Mass. 2015) (statements
of legal argument in nonmoving party's statement of facts fail
to comply with LR. 56.1); Matt v. HSBC Bank USA, 968 F. Supp. 2d
351, 354 n.2 (D. Mass. 2013) (legal arguments "have no place in
a party's concise statement of facts"); Neponset Landing Corp.
v. Nw. Mut. Life Ins. Co., 902 F. Supp. 2d 149, 153 (D. Mass.
2012) (not crediting as facts LR. 56.1 statements that merely
reflect counsel's argument).  It is not appropriate to include

argument in a response to a statement of material *fact*.  <u>See</u>
<u>Aulisio</u>, 2012 WL 3957985, at *3 (criticizing LR. 56.1 concise
statement of facts that read like argument).

With respect to paragraph four in plaintiff's LR. 56.1
statement, it states that Sullivan was "threatening" to
plaintiff and that she filed a formal disciplinary report
against plaintiff "in retaliation" for plaintiff filing a
grievance.[7]  (Docket Entry # 256, p. 2, ¶ 4).  Whereas this court
will consider the cited disciplinary report, paragraph four,
which includes language stating plaintiff's subjective belief
that Sullivan "threaten[ed]'" plaintiff and filed the report "in
retaliation," is stricken as subjective belief and/or
speculation.

In paragraph 20, plaintiff states that SID "intentionally
failed to investigate" an incident in which plaintiff claims his
rights were violated.  (Docket Entry # 256, p. 5, ¶ 20).  To
support this assertion, plaintiff cites a grievance letter he
made to the Superintendent of the Suffolk County House of
Correction.  (Docket Entry # 252-1, pp. 12-14).  Whereas the
letter is considered part of the record, albeit not for the
truth of any statements therein, <u>see</u> <u>Bennett</u>, 507 F.3d at 28

---

[7]  To support this assertion, plaintiff cites the disciplinary
report Sullivan filed against plaintiff.  (Docket Entry # 252-1,
p. 3).

(supervisor's statement in unsworn internal grievance considered hearsay), paragraph 20, which sets out plaintiff's subjective belief that the Suffolk County House of Correction acted "intentionally," is stricken. See Torrech-Hernández, 519 F.3d at 47 n.1; Lopez-Carrasquillo v. Rubianes, 230 F.3d 409, 414 (1st Cir. 2000).

With respect to paragraph nine in plaintiff's LR. 56.1 statement and as previously indicated, plaintiff's failure to address defendants' arguments to strike the paragraph operates as a waiver.  Exercising this court's discretion, the paragraph is stricken solely on the basis of the waiver.  The grievance cited in paragraph nine remains part of the summary judgment record.

Paragraph six, which states that "Sullivan['s] retaliatory animus is evident from the plaintiff's version of events" (Docket Entry # 256, p. 2, ¶ 6), is stricken as a "subjective interpretation" or belief.  Torrech-Hernández, 519 F.3d at 47 n.1.  The same reasoning applies to paragraph eight, which is also stricken.[8]  (Docket Entry # 256, p. 2, ¶ 8).  Paragraph 132, in which plaintiff characterizes SID "Sr. Investigator Jonathan Spinale" as enlisting the assistance of Inmate Legal Services

---

[8]   The cited disciplinary report and disciplinary hearing summary (Docket Entry # 252-1, pp. 5-6) in paragraph eight are not stricken.

Attorney Robert Martin "in furtherance of the conversion" of plaintiff's legal and personal property and "Cpl. Wright" as "knowingly assist[ing] in the conversion," is stricken as a subjective belief, speculation, and/or legal argument. Paragraph 134 is stricken for similar reasons.[9]  Paragraphs 24, 30, 35, and 40 are likewise stricken as statements of subjective belief, speculation, and/or legal argument.[10]

Having reviewed the other paragraphs in plaintiff's LR. 56.1 statement, the following are excluded as speculation, legal argument, or unsupported by their citation to the record:[11] paragraphs 15, 110, 114,[12] 115, 121, 127 to 129,[13] 141; paragraph

---

[9]   The second and third sentences in paragraph 134 are also deficient for the separate reason that they lack citations to the record.

[10]   The exhibits cited in the above paragraphs are not stricken.

[11]   As applied to paragraphs 44 to 101, the above arguments are addressed later in this opinion.

[12]   Paragraph 114 sets out a subjective belief that Sullivan "targeted and harassed" plaintiff, even though "[s]imilarly situated inmates" are not disciplined and speculates about "the reason" Sullivan reported plaintiff.

[13]   The Inmate Property Inventory Sheet completed by "Sgt. Depina" and signed by plaintiff on June 3, 2014 (Docket Entry # 252-1, p. 26) is the only citation in paragraph 129.  It does not support the paragraph, which states that "SID instructed property officer Corporal Wright and Sgt. Depina to give plaintiff a box of printed legal cases on June 3, 2014 and kept the remainder of his property for inspection, copying and disposal."  (Docket Entry # 256, p. 23, ¶ 129).  Regarding paragraph 127, it states that "[a]fter the plaintiff['s] property was secured in the segregation property room[,] SID investigators took possession of the property the following day or sometime thereafter."  (Docket Entry # 256, p. 22, ¶ 127).  The open-ended time period, the reference to plaintiff's "property" in the segregation property room, and the reference

21 (first sentence); paragraph 113 (first sentence); paragraph
118 (first and second sentences); paragraph 120 (first sentence
and second sentence after "(2)"); and paragraph 138 (third
sentence).

Defendants additionally argue that paragraphs 44 to 101 in
plaintiff's LR. 56.1 statement should be stricken because they
rely on plaintiff's subjective "interpretation of the video,"
"are unsupported by admissible record references," and "are not
properly authenticated."  (Docket Entry # 259, pp. 4-5).  More
broadly, defendants seek to strike all paragraphs that are "not
based on personal knowledge," constitute speculation, argument,
or subjective beliefs.  (Docket Entry # 259, p. 2).  The
forgoing paragraphs consist of plaintiff's unsworn description
of inaudible video depicting the inventory and handling of
plaintiff's property on May 29, 2014, with time periods and
camera angles.  (Docket Entry # 256, ¶¶ 44-101).  Having been
escorted to segregation, plaintiff did not witness the inventory
and subsequent transport of inventoried items depicted on the

---

to "SID investigators" combined render the paragraph non-
specific speculation and/or conclusory.  See Chin, 2017 WL
3526253, at *2; O'Brien, 440 F. Supp. 2d at 5 n.1.  The cited
exhibits remain part of the record.  Paragraph 128 refers to an
"illegal conversion" and "fraudulent investigation" and
speculates that "SID" converted plaintiff's property at the
request of Barrows and Sullivan.  (Docket Entry # 156, pp. 22-
23, ¶ 128).  The paragraph amounts to legal argument and
speculation.

video, and his knowledge, if any, stems from watching the video. (Docket Entry # 252-1, pp. 87, 91).

By way of background, in May 2019, defendants filed three inaudible compact discs of the inventory and transport of items (Ex. 13A-13C), which the Clerk's office misplaced.  On July 6, 2021, this court therefore requested copies of the three compact discs, and defendants filed the copies on July 16, 2021. (Docket Entry # 272) (Ex. 13A-13C).  This court was able to access and review these compact discs.

Plaintiff, in turn, filed four compact discs purportedly of the inventory and subsequent transport of items.  (Docket Entry # 253).  These discs are not accessible in a viewable format by this court notwithstanding multiple attempts.  (Docket Entry ## 271, 276, 284).  Three Orders detail the attempts and the reasons, including security concerns, for the inability to view plaintiff's four compact discs.  (Docket Entry ## 271, 276, 284); see Lee v. City of Troy, 1:19-CV-473, 2021 WL 1318105, at *2 (N.D.N.Y. Apr. 8, 2021) ("surveillance videos can often only be viewed through specialized software," and party cannot reasonably expect "[c]ourt to wade into the internet in hopes of finding the one program it needed to view [a] video . . . regardless of the resulting security risks"); (Docket Entry # 284, p. 4) (quoting this language in Lee, 2021 WL 1318105, at *2).  Regarding a final attempt, defendants did not file video

footage in an accessible format, as outlined in the third Order (Docket Entry # 284, pp. 5-6), by an October 13, 2021 deadline thereby indicating their inability to access video footage in the four original compact discs or produce the same footage in an accessible format under the procedure ordered by this court (Docket Entry # 284, p. 6, n.5). Accordingly, this court is unable to access and review the four compact discs to ascertain if the video footage therein provides support for one or more paragraphs in plaintiff's LR. 56.1 statement.

As noted, defendants argue that paragraphs 44 to 101 "are unsupported by admissible record references" and not properly authenticated. (Docket Entry # 259, pp. 4-5). All of these paragraphs reference video-recorded times and specific cameras without citing a particular video by docket entry number. (Docket Entry # 256, ¶¶ 44-101) (Docket Entry # 244-18, ¶ 3). Plaintiff is also proceeding pro se, and the obvious citation is to video with these exact time stamps and camera angles. The only court-accessible video in the record with time displays is submitted by defendants (Docket Entry # 272) (Ex. 13A-13C), which is properly authenticated with two sworn affidavits (Docket Entry ## 244-14, 244-18).[14]  Subject to a few exceptions, the time displays in the video footage (Docket Entry # 272) (Ex.

---

[14]   See footnote five.

13A-13C) correspond to the times set out in paragraphs 44 to
101.  The reference to the time stamps and camera angles in
paragraphs 44 to 101 therefore adequately references the only
authenticated and accessible video evidence in the summary
judgment record (Ex. 13A-13C), albeit filed by defendants
(Docket Entry # 272).  As such, the paragraphs sufficiently
comply with the requirement to reference documentation in the
record in LR. 56.1.  Exercising this court's discretion in the
enforcement of LR. 56.1, see Plourde v. Sorin Group USA, Inc.,
517 F.Supp.3d 76, 81 (D. Mass. 2021) (recognizing court's
"'discretion to decide whether to impose the sanction of deeming
the moving party's factual assertions to be admitted'" under LR.
56.1) (citation omitted), *appeal filed*, No. 21-1145 (1st Cir.
Mar. 3, 2021), paragraphs 44 to 101 are therefore not stricken
because they do not contain any citation.[15]  Because the
unchallenged video submitted by defendants (Docket Entry # 272)
is properly authenticated, defendants' authentication argument
fails.

    As examples of other deficiencies in these paragraphs,
defendants point to paragraphs 63, 64, and 65 in plaintiff's LR.

---

[15]  The paragraphs remain subject to being stricken on other
grounds, including if the cited video (Docket Entry # 272) (Ex.
13A-13C) does not support the paragraph, or the paragraph sets
out speculation or subjective beliefs, such as plaintiff's
interpretation of the video.  See Amoah, 2016 WL 6134119, at *2-
3; Aulisio, 2012 WL 3957985, at *3.

56.1 statement.  (Docket Entry # 256, p. 12, ¶¶ 63-65) (Docket Entry # 259, pp. 4-5).  In paragraph 63, plaintiff states that Sullivan received a call "from either Unit 1-4-2 or Ext. #2197 Lt. Barrows (2 minutes) about property issues and possible disposal."  (Docket Entry # 256, p. 12, ¶ 63).  In paragraph 64, plaintiff states that Sullivan entered an office and "inform[ed] CO Allen of content of Unit 1-4-2."  (Docket Entry # 256, p. 12, ¶ 64).  In paragraph 65, plaintiff states that Dorgan is "clearly explaining on camera" the procedure with respect to inmate property.  (Docket Entry # 256, p. 12, ¶ 65).  These three paragraphs in plaintiff's LR. 56.1 statement refer to conversations in the inaudible video.  (Docket Entry # 256, p. 12, ¶¶ 63-65).

Overall, plaintiff's statements in paragraphs 47 to 98, and 100 to 101 describing the inaudible video are based on plaintiff's knowledge from watching the inaudible video.  The statements in these paragraphs that recite *content* of inaudible conversations are speculative and not supported by the record citation because the recited content is inaudible.  See Mercurio v. Town of Sherborn, 287 F. Supp. 3d 109, 116 n.2 (D. Mass. 2017) ("impossible to determine," in party's statement of undisputed facts, details of conversation from inaudible video).  Statements that individuals held a conversation regarding certain topics or with certain unseen individuals cannot be

deduced from merely viewing an inaudible video.  See Baptista v. Hodgson, Civil Action No. 16-11476-LTS, 2019 WL 319584, at *1 n.5 (D. Mass. Jan. 24, 2019) (citation in statement of facts to video with no audio could not support conversation), *appeal dismissed*, 2019 WL 4061503 (1st Cir. June 3, 2019); see also Brodin v. Rojas, Civil Action No. 11-40179-TSH, 2014 WL 1270010, at *2 (D. Mass. Mar. 25, 2014) (statement of facts "replete with improper commentary" of video recording).  Such speculative assertions regarding what was discussed in conversations on the inaudible video or the identity of the unseen caller are not based on fact, but rather plaintiff's speculation.  See Baptista, 2019 WL 319584, at *1 n.5 (citation in statement of facts to video with no audio could not support content of conversation); see also Mercurio, 287 F. Supp. 3d at 116 n.2. Therefore, paragraphs 63, 64, and 65 in plaintiff's LR. 56.1 statement are stricken from the summary judgment record as speculation and/or not supported by the record.

Other paragraphs in the paragraph range, i.e., paragraphs 44 to 101, rely on plaintiff's subjective interpretation, speculation, or commentary.  For example, the second independent clause of paragraph 46 states that "Sullivan directed plaintiffs' [sic] cellmate . . . to retrieve plaintiffs' [sic] property" while "Barrows supervised."  (Docket Entry

# 256, p. 10, ¶ 46).  The footage (Ex. 13A), which this court viewed in full, does not support the contention that Sullivan "directed" plaintiff's cellmate to do anything, nor does it support the contention that Barrows was supervising the event.  (Docket Entry # 256, p. 10, ¶ 46).  Paragraph 46 is therefore stricken as speculation and/or unsupported by the record.  Similarly, paragraph 59 of plaintiff's LR. 56.1 statement describes Sullivan as "explaining" to Dorgan that certain materials belonged to plaintiff.  (Docket Entry # 256, p. 11, ¶ 59).  The citation to the inaudible video does not support paragraph 59, which is therefore stricken from the summary judgment record as speculation or, alternatively, unsupported by the citation to the summary judgment record. Paragraphs 50, 57,[16] 66 to 69,[17] 78, the phrase "in possession of

---

[16]   Paragraph 57 speculates that Sullivan received a telephone "call from either Unit 1-4-2" or Barrows and describes the subjects discussed on the inaudible video.  (Docket Entry # 256, p. 11, ¶ 57).  As such, it presents the same deficiencies as paragraphs 63, 64, and 65.

[17]   Paragraph 66 speculates about the reason why Sullivan "goes to the trash can," namely, "to throw away plaintiff's legal documents."  (Docket Entry # 256, p. 12, ¶ 66).  Paragraph 67 speculates about Sullivan's reasons for checking various cells, i.e., to see if other inmates are watching her and Dorgan perform the inventory.  Paragraph 68 speculates that documents Sullivan threw into the trash were "legal documents."  (Docket Entry # 256, p. 12, ¶ 68).  In the video, Sullivan is seen discarding small items into the trash.  The cameras do not show the items are legal documents because of their distance from Sullivan and their angles.  As a result, the primary direct evidence of whether the small items Sullivan discarded were "legal documents" is Sullivan's affidavit.  Therein, Sullivan

all plaintiff's legal work pushing the cart" in paragraph 83,
the phrase "confirming his deposit of all property in the
segregation property room at [the] Booking Station" in paragraph
94, as well as paragraphs 100 and 101[18] all contain statements
with similar deficiencies and are therefore stricken from the
summary judgment record.

Defendants also seek to strike paragraphs that are not
based on personal knowledge.  (Docket Entry # 259, p. 2).  This
court viewed the three compact discs, and it is the video
footage in the discs as opposed to a party's unverified
description of what the video footage displays that controls.
See Carbone, 798 F.2d at 26.  The Memorandum and Order on
summary judgment sets out the facts based on the inaudible video
footage viewed by this court (Docket Entry # 272) (Ex. 13A-13C),
which therefore renders moot defendants' argument.  Put another
way, the Memorandum and Order allows the summary judgment
motion, a result that remains the same even if this court did

---

attests she did not destroy legal materials and she only
discarded "nuisance contraband" consisting of "waste paper
items," wrappers, or napkins.  (Docket Entry # 244-3, p. 2, ¶
10).  Paragraph 69 describes Sullivan as "yelling" on the
inaudible video and Dorgan as walking "angrily."  (Docket Entry
# 256, p. 12, ¶ 69).
[18]   Paragraph 101 speculates that "SID investigators" "edited
and spliced" the still pictures covering 11 minutes recorded by
four cameras and argues that Sullivan received "her phone call"
during this "exact time."  (Docket Entry # 256, p. 16, ¶ 101).
Paragraph 100 has the same deficiencies.

not strike any of the remaining paragraphs describing the video footage of the inventory and subsequent transport of items.

<u>CONCLUSION</u>

In accordance with the foregoing discussion, the motion to strike (Docket Entry # 258) is **ALLOWED** in part and **DENIED** in part.

                                       <u>/s/ Marianne B. Bowler</u>
                                         **MARIANNE B. BOWLER**
                                         United States Magistrate Judge